UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

DAYANA AGUIAR
and other similarly situated individuals,

    Plaintiff(s),

v.

ROYAL BEAUTY MIAMI INC,
and JOHANNA A. PULGAR, individually

    Defendants,
_____/

**COMPLAINT**
(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff DAYANA AGUIAR, and other similarly situated individuals, by and through the undersigned counsel, and hereby sues Defendants ROYAL BEAUTY MIAMI INC, and JOHANNA A. PULGAR individually and alleges:

JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the United States laws. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2. Plaintiff DAYANA AGUIAR is a resident of Miami-Dade County within the jurisdiction of this Court. Plaintiff is a covered employee for purposes of the Act. Plaintiff is a covered employee for purposes of the Act.

3. Corporate Defendant ROYAL BEAUTY MIAMI INC (hereinafter ROYAL BEAUTY MIAMI, or Defendant) is a Florida corporation having a place of business in Dade County, Florida. At all times, Defendant was engaged in interstate commerce.

4. The individual Defendant JOHANNA A. PULGAR is the owner/partner and manager of Defendant Corporation, ROYAL BEAUTY MIAMI. This individual Defendant is the employer of Plaintiff within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d).

5. All the actions raised in this Complaint took place in Dade County, Florida, within this Court's jurisdiction.

## GENERAL ALLEGATIONS

6. This cause of action is brought by Plaintiff DAYANA AGUIAR as a collective action to recover from Defendants unpaid overtime compensation, retaliatory damages, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked more than forty (40) hours during one or more weeks on or after April 2022, (the "material time"), without being adequately compensated.

7. Corporate Defendant is a medical spa providing all kinds of beauty and anti-aging treatments.

8. Defendant ROYAL BEAUTY MIAMI was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A). Defendant provides medical beauty treatments. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and

recurrently using the instrumentalities of interstate commerce. Defendant uses interstate commerce's instrumentalities to accept and solicit funds from non-Florida sources by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. Therefore, there is FLSA enterprise coverage.

9. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Plaintiff and those similarly situated through their daily activities regularly participated in interstate commerce by regularly handling and working on goods and materials produced for commerce and moved across State lines at any time during the business. Therefore, there is FLSA individual coverage.

10. Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR employed Plaintiff DAYANA AGUIAR as a non-exempted, full-time hourly employee from approximately April 01, 2022, to September 08, 2022, or 23 weeks.

11. Plaintiff had duties as a receptionist and front desk employee. Plaintiff's wage rate was $13.00 an hour. Plaintiff's overtime should be $19.50 an hour.

12. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid overtime hours as required by law.

13. Plaintiff had a regular mandatory schedule, and she worked six days per week. Plaintiff worked from Mondays to Saturdays from 9:00 AM to 5:00 PM (8 hours daily).  Plaintiff worked a total of 48 hours weekly.  Plaintiff was unable to take bonafide lunch periods.

14. Plaintiff was paid 40 hours weekly, or $520.00 weekly, but she was not paid for overtime hours.

15. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedules, and they could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business JOHANNA A. PULGAR.

16. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

17. Plaintiff was paid weekly with Zelle, without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

18. Plaintiff disagreed with the lack of payment for overtime hours, and she complained to the owner of the business JOHANNA A. PULGAR a few times.

19. On or about September 02, 2022, Plaintiff complained to JOHANNA A. PULGAR about her unpaid overtime hours for the last time. As an answer, JOHANNA A. PULGAR stated: "We do not have to pay overtime here because we are a small business."

20. On or about September 08, 2022, Plaintiff was forced to leave her employment because she was working overtime hours without compensation and because she was suffering a hostile working environment due to her complaints about unpaid overtime hours.

21. Plaintiff DAYANA AGUIAR intends to recover overtime pay for hours worked over 40 in a week, retaliatory damages, liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and who were subject to their unlawful payroll practices and procedures and were not paid minimum wages and overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
## FAILURE TO PAY OVERTIME AGAINST ALL DEFENDANTS

23. Plaintiff DAYANA AGUIAR re-adopts every factual allegation as stated in paragraphs 1-22 above as set out in full herein.

24. Plaintiff DAYANA AGUIAR brings this cause of action as a collective action to recover from Defendants overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after April 2022, (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

25. Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR employed Plaintiff DAYANA AGUIAR as a non-exempted, full-time, hourly employee from April 01, 2022, to September 08, 2022, or 23 weeks.

26. Plaintiff had duties as a receptionist and front desk employee. Plaintiff's wage rate was $13.00 an hour. Plaintiff's overtime should be $19.50 an hour.

27. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid overtime hours as required by law.

28. Plaintiff had a regular mandatory schedule, and she worked six days per week for a total of 48 hours. Plaintiff was unable to take bonafide lunch periods.

29. Plaintiff was paid 40 hours weekly, or $520.00 weekly, but she was not paid for overtime hours.

30. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedules and could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the business owner JOHANNA A. PULGAR.

31. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

32. Plaintiff was paid weekly with Zelle, without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

33. The records, if any, concerning the number of hours worked by Plaintiff and those similarly situated, and the compensation actually paid to such employees should be in the possession and custody of Defendants.  However, Defendants did not maintain accurate time records of hours worked by Plaintiff and other employees upon information and belief.

34. Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

35. Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

36. Prior to the completion of discovery and the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

    * Please note that this amount is based on preliminary calculations, and these figures are subjected to modifications as discovery could dictate. Plaintiff will adjust her calculations as needed.

    a. <u>Total amount of alleged unpaid O/T wages</u>:

        Three Thousand Five Hundred Eighty-Eight Dollars and 00/100 ($3,588.00)

   b. <u>Calculation of such wages</u>:

        Total weeks of employment:  23 weeks
        Total relevant weeks of employment: 23 weeks
        Total number of hours worked: 48 hours weekly
        Total O/T hours: 27.5 hours weekly
        Wage rate: $13.00 x 1.5=$19.50 O/T rate
        O/T rate:  $19.50 an O/T hour

        $19.50 x 8 O/T hours=$156.00 weekly x 23 weeks=$3,588.00

   c. <u>Nature of wages</u>:

        This amount represents unpaid overtime wages

37. At all times, material hereto, the Employers/Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. In that, Plaintiff and those similarly situated performed services and worked over the maximum hours provided by the Act. Still, no provision was made by Defendants to properly pay Plaintiff at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

38. Defendants knew and showed reckless disregard for the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act. Accordingly, Plaintiff and those similarly situated are entitled to recover double damages.

39. At times mentioned, individual Defendant JOHANNA A. PULGAR was the owner/partner and manager of ROYAL BEAUTY MIAMI. The individual Defendant JOHANNA A. PULGAR was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in ROYAL BEAUTY MIAMI's interests concerning its employees, including Plaintiff and others similarly situated. Defendants JOHANNA A.

PULGAR had financial and operational control of the business, and she determined the terms and working conditions of Plaintiff and other similarly situated employees. Defendant JOHANNA A. PULGAR is jointly and severally liable for Plaintiff's damages.

40. Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR willfully and intentionally refused to pay Plaintiff overtime wages as required by the United States law and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants, as set forth above.

41. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAYANA AGUIAR and those similarly situated individuals respectfully request that this Honorable Court:

A. Enter judgment for Plaintiff DAYANA AGUIAR and other similarly situated and against the Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR, based on Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorney's fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff DAYANA AGUIAR and those similarly situated demand trial by a jury of all issues triable as a right by a jury.

## COUNT II:
## FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3) RETALIATORY CONSTRUCTIVE DISCHARGE; AGAINST ALL DEFENDANTS

42. Plaintiff DAYANA AGUIAR re-adopts every factual allegation stated in paragraphs 1-22 of this Complaint as if set out in full herein.

43. Defendant ROYAL BEAUTY MIAMI was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s)(1)(A), and it is subjected to the provisions of the Fair Labor Standards Act.

44. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any workweek, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…"

45. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

46. Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR employed Plaintiff DAYANA AGUIAR as a non-exempted, full-time, hourly employee from April 01, 2022, to September 08, 2022, or 23 weeks.

47. Plaintiff had duties as a receptionist and front desk employee. Plaintiff's wage rate was $13.00 an hour. Plaintiff's overtime should be $19.50 an hour.

48. While employed by Defendants, Plaintiff worked more than 40 hours every week, but she was not paid overtime hours as required by law.

49. Plaintiff had a regular mandatory schedule, and she worked six days per week, a total of 48 hours weekly. Plaintiff was unable to take bonafide lunch periods.

50. Plaintiff was paid for 40 hours weekly, or $520.00, but she was not paid for overtime hours, as required by law.

51. Plaintiff did not clock in and out, but Defendants were in complete control of Plaintiff's schedules, and they could track the number of hours worked by Plaintiff and other similarly situated individuals. Plaintiff worked under the supervision of the owner of the business JOHANNA A. PULGAR.

52. Therefore, Defendants willfully failed to pay Plaintiff overtime hours at the rate of time and a half her regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

53. Plaintiff was paid weekly with Zelle, without pay stubs detailing the number of days and hours worked, wage rate, employee taxes withheld, etc.

54. Plaintiff disagreed with the lack of payment for overtime hours, and she complained to the owner of the business JOHANNA A. PULGAR a few times.

55. On or about September 02, 2022, Plaintiff complained to JOHANNA A. PULGAR about her unpaid overtime hours for the last time. As an answer, JOHANNA A. PULGAR stated: "We do not have to pay overtime here because we are a small business."

56. After Plaintiff's last complaint, she suffered a hostile working environment.

57. On or about September 08, 2022, Plaintiff was forced to leave her employment because she was working overtime hours without compensation and because she was suffering a hostile working environment due to her complaints about unpaid overtime hours.

58. Consequently, on or about September 08, 2022, Plaintiff DAYANA AGUIAR was constructively discharged from her employment with Defendants in retaliation to her complaints about missing overtime payment. Defendants deliberately created unfair working conditions and harassed Plaintiff in such a way that any reasonable person could not accept, and she was forced to resign.

59. At all times during her employment, Plaintiff performed her work satisfactorily. Accordingly, there was no reason other than unlawful employment practices to discharge Plaintiff constructively.

60. Moreover, Plaintiff's constructive discharge came just in temporal proximity after Plaintiff's participation in protected activity.

61. The motivating factor which caused Plaintiff's constructive discharge, as described above, was her complaints about unpaid overtime wages from the Defendants. In other words, Plaintiff would not have been constructively discharged but for her complaints about unpaid overtime wages.

62. Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR willfully and maliciously retaliated against Plaintiff DAYANA AGUIAR by engaging in a retaliatory action materially adverse to a reasonable employee and with the purpose of dissuading her from exercising her rights under 29 U.S.C. 215(a)(3).

63. Defendants' constructive discharge of Plaintiff was in direct violation of 29 USC 215 (a)(3), and, as a direct result, Plaintiff has been damaged.

64. Plaintiff DAYANA AGUIAR has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff DAYANA AGUIAR respectfully requests that this Honorable Court:

A. Enter judgment declaring that the firing of Plaintiff DAYANA AGUIAR by Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR was an unlawful act of retaliation in violation of 29 U.S.C. 215 (a) (3).

B. Enter judgment against Defendants ROYAL BEAUTY MIAMI and JOHANNA A. PULGAR, awarding Plaintiff DAYANA AGUIAR liquidated damages in an amount equal to the amount awarded as consequential damages;

C. For all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages

D. Enter judgment awarding Plaintiff reasonable attorney's fees and costs of this suit; and

E. Grant such other and further relief as this Court deems necessary and proper.

## JURY DEMAND

Plaintiff DAYANA AGUIAR demands a trial by jury of all issues triable as a right by jury.

DATED: November 14, 2022                Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*